UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE E. DUDLEY SR.,

        Petitioner,

v.                                              Case No. 05-CV-71190-DT

H.J. MARBERRY,

        Respondent.
                                        /

**ORDER GRANTING MOTION TO DISMISS**

Petitioner Gene E. Dudley Sr. is a federal inmate currently incarcerated at the Federal Correctional Institution in Milan, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is incarcerated in violation of his constitutional rights. Before the court is Respondent's motion to dismiss. For the reasons stated below, the court grants the motion and dismisses the petition.

Petitioner pled guilty in the United States District Court for the Western District of Missouri to multiple counts of drug trafficking and to being a felon in possession of a firearm. He was sentenced on June 10, 1999 to 140 months (and a concurrent 60 months).

On appeal to the Eighth Circuit Court of Appeals, Petitioner challenged his designation as a career offender, as he had at sentencing, arguing that one of the predicate felony convictions, offering to do violence to a correctional officer, was not sufficiently serious to constitute a crime of violence for purposes of U.S. Sentencing Guidelines Manual § 4B1.2(a) (1998).  The Eighth Circuit disagreed, finding that the use or threatened use of physical force is an inherent element of this crime, and was thus a crime of violence for purposes of career-offender status.  The Court also rejected Petitioner's claim that the district court abused its discretion in refusing to consider his *pro per* objections to the presentence report, because he was represented by counsel. The Court issued its opinion affirming the sentences on September 13, 2000.  *United States v Dudley*, 230 F.3d 1364, No. 99-2823, 2000 WL 1286259 (8th Cir. 2000) (unpublished).

On August 29, 2001, Petitioner filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of Kansas, again attacking his sentence as a career offender.

On September 5, 2002, the Kansas district court ordered that the matter be transferred to the United States District Court for the Western District of Missouri.  The district court found that relief under § 2241 was not available, because § 2255 provided the exclusive vehicle for attacking Petitioner's sentence.  The court found no merit to Petitioner's claim that the relief afforded under § 2255 was inadequate or ineffective. The court noted that:

> Petitioner also sought relief in the District Court for the District of Columbia, and was repeatedly instructed by that [court] that § 2255 was the proper vehicle for attacking his sentence unless petitioner demonstrated the relief afforded under §

> 2255 was inadequate of ineffective.  See Dudley v U.S. Sentencing Comm., et al., 221 F 3d 195 (D.C. Cir. 2000) (table), *cert. denied*, 121 S.Ct. 1209 (2001); In re Dudley, 2001 WL 238168 (D.C.Cir. 2001) (per curiam), *writ of mandamus denied,* 121 S.Ct. 2578 (2001).

*Dudley v Lawrence*, No. 01-3365 (D. Kan. 2002) (transfer order).  Petitioner had filed a motion[1] to transfer the action to the sentencing court as an alternative to dismissal, and the district court adopted this remedy:

> To the extent the instant action could be liberally construed as petitioner's first motion for relief under 28 U.S.C. § 2255, and to the extent the motion might be found to be timely filed within the limitation period imposed by § 2255, the court finds it appropriate to grant petitioner's motion for a transfer.

Petitioner appealed this order, and the appeal was dismissed by the Tenth Circuit Court of Appeals on January 14, 2003, on the ground that transfer orders are not appealable. *Dudley v Lawrence*, No. 02-3352 (10th Cir. 2003).

On October 2, 2002, the United States District Court for the Western District of Missouri, Western Division, issued an order denying the transferred petition for writ of habeas corpus, dismissing it without prejudice.  The court found that Petitioner had not requested that the proceeding be construed as a motion under § 2255, nor had he demonstrated that § 2255 relief was inadequate or ineffective.  The court further provided that the dismissal was without prejudice to Petitioner's filing a § 2255 motion, but further provided that it made no determination that such a motion "would be substantively or procedurally viable." *Dudley v Lawrence*, No. 02-0864 (W.D. Mo. 2002) (10/2/02 order denying petition).  The Eighth Circuit Court of Appeals summarily affirmed this order on April 24, 2003.  *Dudley v Lawrence*, No. 03-1121 (8th Cir. 2003).

---

[1] According to the docket entries, this was filed on December 26, 2001.

3

On June 20, 2003, Petitioner filed a motion in the United States District Court for the Western District of Missouri challenging his sentence pursuant to 28 U.S.C. § 2255.

On August 8, 2003, that district court issued on order dismissing the case with prejudice as time-barred.  The court refused to find that equitable tolling was available, because Petitioner had been warned by the District Court for the District of Columbia in 2000 and 2001, before his one-year statute of limitations expired, that he should file a § 2255 motion, and not a § 2241 petition.  *Dudley v United States*, No.03-0525 (W.D. Mo. 2003) (8/3/03 order dismissing with prejudice).  The Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal on December 15, 2003. *Dudley v United States*, No. 03-3279 (8th Cir. 2003).

On December 31, 2003, Petitioner filed a second § 2255 motion in the United States District Court for the Western District of Missouri.

On January 21, 2004, that court dismissed the motion without prejudice, because Petitioner had not filed a motion in the court of appeals for authorization of a successive petition, as required by 28 U.S.C. § 2244(b)(3).  *Dudley v United States*, No.03-1142 (W.D. Mo., 2004) (1/21/04 order dismissing without prejudice).  On March 26, 2004, the Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal from the above order.  *Dudley v United States*, No. 04-1483 (8th Cir. 2004).

On March 28, 2005, Petitioner filed the *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 now before this court.  Petitioner claims that he was not allowed to fully and fairly litigate the claims in his initial §2255 motion.  He reasons that the motion was unfairly held to be time-barred, considering that he had timely filed in the United States District Court in Kansas, and that by the time that court transferred his

4

case, the statutory one-year period had elapsed but he was entitled to equitable tolling. By way of his amended pleading,[2] Petitioner further alleges that the sentencing court, in sentencing him as a career criminal, considered his presentence report in determining that one of his prior convictions was a crime of violence, in contravention of the Unites States Supreme Court's holdings in *Shepard v Unites States*, __ U.S.___, 125 S.Ct. 1254 (2005), and *Taylor v Unites States*, 495 U.S. 575, 110 S.Ct. 2143 (1990). In response to Respondent's Motion to Dismiss, Petitioner also makes a claim that, in terms of the career criminal statute, he is actually innocent.

The issue in this case is whether, in the circumstances presented, 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of Petitioner's sentence, such that this court would have jurisdiction to consider a § 2241 petition for habeas corpus relief.

The general rule is that claims asserted by federal prisoners challenging their convictions or imposition of their sentence must be filed in the sentencing court under 28 U.S.C. § 2255. By contrast, claims seeking to challenge the execution or manner in which the sentence is served must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.[3] *Charles v. Chandler*, 180 F.3d 755, 756-

---

[2] Although Petitioner entitled this as a "Motion to Amend," the court views this simply as an amended pleading, because it was filed before a responsive pleading was served. The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with "leave of court" any time during a proceeding. *See* Fed. R. Civ. P. 15(a). Before a responsive pleading is served, pleadings may be amended once as a "matter of course," i.e., without seeking court leave. *Id.*

[3] For example, a § 2241 petition may be used to challenge computation of a sentence by federal officials, parole decisions, or certain prison disciplinary actions. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Jiminian v. Nash*, 245 F.3d

57 (6th Cir. 1999).

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally attack a federal conviction.  Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention."  28 U.S.C. § 2255.

The burden is on the petitioner to establish that the § 2255 remedy is inadequate or ineffective, and only under highly exceptional circumstances will a petitioner be able to meet this burden.  *Chandler*, 180 F.3d at 756; *Martin v. Perez*, 319 F.3d 799, 803-04 (6th Cir. 2003).  As observed in *Chandler*, no federal circuit court has allowed a federal prisoner to proceed under the savings clause absent a claim of actual innocence. *Chandler*, 180 F.3d at 757.  To establish actual innocence, the petitioner must show that it is more likely than not, in light of all the evidence, not limited to the existing record, that no reasonable juror would have convicted him.  *Martin*, 319 F.3d at 804 (citing *Bousley v. United States*, 523 U.S. 614 (1998)).

The remedy under § 2255 is *not* considered inadequate or ineffective merely because § 2255 relief previously has been denied, or because the petitioner is procedurally barred from pursuing § 2255 relief, or because the petitioner has been denied permission to file a second or successive § 2255 motion. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001); *Martin v Perez*, at 803.

Petitioner has not shown that the remedy under § 2255 is inadequate or

---

144, 146 (2d Cir. 2001).

6

ineffective.  He complains that the United States District Court for the Western District of Missouri unfairly and improperly dismissed his § 2255 motion as time-barred.  This argument, as discussed above however, is not sufficient.  The remedy afforded under 28 U.S.C. § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under 28 U.S.C. § 2255.  *Charles*, 180 F.3d at 758.  Further, Petitioner challenges his sentence, and does not claim that he is innocent of the charges to which he pled guilty.  In *Ward v. Snyder*, 238 F.3d 426, No. 00-5191, 2000 WL 1871725 (6th Cir.2000) (unpublished), the Sixth Circuit noted: "[I]t is unclear whether and to what extent someone like [the petitioner] can show actual innocence in relation to his claims that challenge the imposition of his sentence."  *Id.* at *2.  *See also*, *Leon v. Hemingway*, 53 Fed. App'x 353 (6th Cir. 2002); *Presley v. O'Brien*, No. 05-52, 2005 WL 1140724, at *3 (E.D. Ky. 2005) (memorandum opinion).

     The court holds that the present petition is not properly filed under 28 U.S.C. § 2241, and DISMISSES the petition.  This dismissal is without prejudice to the filing of an application in the United States Court of Appeals for the Eighth Circuit for leave to file a second or successive motion under 28 U.S.C. § 2255.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 20, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 20, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522